## O'Bannon *et al. vs* Simrall *et al.*                    DEBT.

### ERROR TO THE SHELBY CIRCUIT.                    *Case* 89.

*Obligor and obligee    Confusion of parties.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.                    *May* 15.

IN an action of debt by *J. B. & R. W. O'Bannon* against *Minor W. O'Bannon* and *William A. Simrall,* (trading in the style of "O'Bannon & Simrall,") upon a promissory note purporting to have been executed by said *Simrall,* in the name of "*O'Bannon & Simrall,*" to *Minor W. O'Bannon,* and assigned by him to the

*The case and pleadings of the parties.*

plaintiffs in the action, the Circuit Judge overruled demurrers to two pleas in bar, one by both defendants and the other by *Simrall* alone, each averring substantially the same matter, and that is, that *O'Bannon* the partner, and one of the defendants and apparent obligors, and *M. W. O'Bannon* the obligee and assignor, are one and the same person, and that, therefore, the note to himself imposed on *him* no *legal* obligation.

The correctness of the judgment on those demurrers is the only matter presented for revision, and the only question we deem it necessary to decide is, whether, admitting that the assignees have no cause of action against *M. W. O'Bannon*, the pleas are sufficient to bar the action as brought.

Obligee having signed a bond to himself us apparent obligor with another, will not destroy the right of action against the other obligor; a bond by two (partners) to one of them as obligee *may* be obligatory on the other partner.

It is well settled here, that in a joint action against all the apparent obligors in a bond, the fact that one of them was never legally liable, in fact or in law, will not defeat the action as to the others; and this Court has decided that a bond by two partners to one of them, may be legally obligatory upon him who is not the obligee. Hence, as *Simrall* could not bar the action as to himself, on the ground that his co-defendant and apparent co-obligor was never legally bound, the *joint* plea is not good.

And as to the several plea by *Simrall*, were it even conceded that the fact pleaded might abate the action as to him, it is insufficient as matter of bar.

Therefore, the judgment on the demurrers to the pleas is considered to be erroneous; and consequently, the final judgment in bar of the action, in consequence of a refusal to reply to those pleas, is also erroneous.

As we are inclined to presume that the joint plea was not filed at the instance of *O'Bannon*, we will not now decide whether he would be estopped, by his assignment or otherwise, from relying, in a several plea, on the matter thus improperly pleaded jointly.

Wherefore, the judgment is reversed and the cause remanded, with instructions to sustain the demurrer to each of the pleas in bar.

*T. P. Wilson* for plaintiffs: *M. D. McHenry* for defendants.